IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MIRACLE FAITH CENTER, INC.
d/b/a MIRACLE FAITH APOSTOLIC
GLOBAL CHURCH,

                                                Case No.: 3:16-cv-00503-MCR-GRJ

    Plaintiff,

vs.

CHUBB CUSTOM INSURANCE COMPANY,

    Defendant.
_____/

## CHUBB CUSTOM INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY REQUESTS, INTERROGATORIES, AND TAKING OF DEPOSITIONS, AND MEMORANDUM OF LAW

Defendant, CHUBB CUSTOM INSURANCE COMPANY ("Chubb"), through its undersigned counsel and pursuant to the Federal Rule of Civil Procedure 26(c) and the Local Rule 7.1, files this motion for protective order and memorandum of law, and in support states as follows:

### Introduction

1. This is a breach of contract action brought by Miracle Faith against Chubb, concerning an insurance claim under insurance policy number 54302382-00, issued by Chubb for the property located at 4319 North Pace Boulevard, Pensacola, Florida 32505.

2. Chubb never denied coverage for the Claim and at all times attempted to adjust Plaintiff's complex, multi-million dollar claim.

3. After Miracle Faith filed suit, Chubb invoked the appraisal process set forth in the policy. Thereafter, Chubb timely paid the additional amounts owed under the policy.

4. On January 9, 2018, Chubb filed a motion for final, or in the alternative, partial summary judgment, which is currently pending before the court. (DE# 49.) Chubb argues that as a matter of law, it has not breached the policy and is entitled to entry of final, or partial, summary judgment on Miracle Faith's one count amended complaint for breach of contract.

5. Plaintiff filed a response (DE# 53) but failed to identify any genuine dispute as to any material fact in opposition to Chubb's motion for final or partial summary judgment.

6. Therefore, it is Chubb's position that it is entitled to final summary judgment that it has not breached the policy, or, in the alternative, to a partial summary judgment finding that Chubb was not in breach of the contract when Miracle Faith filed its initial complaint; or when Miracle Faith filed and served the amended complaint; or when it invoked the appraisal provision of the insurance policy, or any time thereafter.

7. On April 5, 2018, Miracle Faith propounded its first set of interrogatories and first request for production on Chubb. (Exhibit A and B)

8. In addition to serving Chubb with discovery requests and interrogatories, Miracle Faith has requested the depositions of the following individuals and corporate entities: Chubb's corporate representative; Chubb's appraiser; adjusters Bob Wissman and Rodney Martin with York; Aduddell; Super Restorations; and Peter Padilla, with Young & Associates.

## Memorandum of law

The Federal Rule of Civil Procedure 26(c)(1) provides that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." If good cause is shown, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Eleventh Circuit has recognized that the pendency of a dispositive motion which, if granted, would eliminate the need for discovery in that action should be adjudicated "before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F. 1353 (11th Cir. 1997); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 Fed. Appx. 713 (11th Cir. 2003) ("While overall stays of discovery may be rarely granted, courts have held good

cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action.") (quotation and citations omitted).

In determining whether the moving party has met its burden, a court must balance the harm caused by a delay in discovery against the possibility of the dispositive motion being granted and eliminating entirely the need for the discovery. *Chevaldina v. Katz*, No. 17-22225-CIV, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017) (citations omitted). This means that generally, courts "take a 'preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'" *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997)).

Miracle faith's request for discovery is overly broad and burdensome, and is not needed to resolve Chubb's motion for summary judgment. Furthermore, the discovery might not be needed at all if the motion for final summary judgment is granted. The production of the requested discovery would not only be onerous on the Defendant Chubb, but would also entail expenditure of this Court's resources to resolve discovery disputes. The burdens faced by Chubb would include the time spent searching for and compiling relevant documents; the time and expense of preparing for and attending seven depositions; the attorney's fees generated in interpreting Miracle Faith's discovery requests, drafting responses to interrogatories, coordinating responses to production request, advising the client

which documents should be disclosed and which ones should be withheld, drafting objections to the discovery requests, and conducting depositions.

Under the circumstances of this case, the depositions and production sought by Miracle Faith would be unduly expensive and burdensome, and for naught, if this Court grants Chubb's motion for summary judgment. A "preliminary peek" at the merits of Chubb's motion for final or partial summary judgment is sufficient to show that Chubb has not breached the contract in this case. Chubb did not incorrectly deny benefits before Miracle Faith filed suit, instead, it kept adjusting Miracle Faith's complex million dollar claim. After suit was filed, Chubb invoked the appraisal provision in the policy and thereafter, timely paid the award. *See Goldman v. United Services Automobile Association*, No. 4D17-1098, 2018 WL 1865027 (Fla. 4th DCA Apr. 18, 2018) (affirming the trial court's order granting the insurer's motion for summary judgment where the insurer never denied benefits, but investigated the claim and issued payment, and paid the appraisal award after law suit was filed by the homeowners and the appraisal process was invoked).

Furthermore, when balancing the possibility of the summary judgment motion being granted and disposing of discovery altogether against any potential harm caused by a delay in discovery, it is clear that there is no prejudice to Miracle

Faith if the discovery is temporarily stayed until resolution of Chubb's motion. The discovery sought by Miracle Faith is not necessary for the resolution of the motion.

A court may, in response to a summary judgment motion, allow time for a party "to take discovery if the non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," *Ashmore v. Sec'y. Dept. of Transp.*, 503 Fed. Appx. 683, 686 (11th Cir. 2013). However, Miracle Faith has failed to provide any affidavits or declarations explaining how the requested discovery and depositions will enable it to rebut Chubb's showing that there are no genuine disputes of material fact.

Thus, staying the discovery under these circumstances would be an appropriate exercise of this Court's discretion that would not prejudice the Plaintiff. *See Patterson v. United States Postal Service*, 901 F. 2d 927 (11th Cir. 1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact). Moreover, Chubb has already paid in full the amount of Miracle Faith's claim. Thus, any delay in discovery would not delay in any way the resolution of Miracle Faith's claim.

Chubb has met its burden of making a *prima facie* showing, why a protective order is warranted and Miracle Faith has not shown a need for the

depositions and discovery such that their burden and expense could not be "undue."

## Conclusion

Wherefore, for the reasons set forth herein, Chubb asks this Court to issue an order pursuant to the Federal Rule of Civil Procedure 26(c), granting its Motion for Protective Order, and temporarily staying discovery and depositions, pending the resolution of its motion for summary judgment.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B)., undersigned counsel for Chubb consulted with Plaintiff's counsel via e-mail on April 27, 2018, and May 1, 2018, in a good faith attempt to resolve by agreement the issues raised in the instant motion. These issues could not be resolved and Miracle Faith took the position that despite the pending dispositive summary judgment motion and the absence of any genuine disputes of material facts, Chubb is required to respond to discovery and set the aforementioned depositions.

        Respectfully submitted,

        BUTLER WEIHMULLER KATZ CRAIG LLP

        _____
        WILLIAM R. LEWIS, ESQ.
        Florida Bar No.:  0879827
        wlewis@butler.legal
        THOMAS A. KELLER, ESQ.
        Florida Bar No.:  0153354
        tkeller@butler.legal
        Secondary:  hkerr@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida  33602
        Telephone:  (813) 281-1900
        Facsimile:   (813) 281-0900
        *Attorneys for Defendant, Chubb Custom Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

    Kelly L. Kubiak, Esq.
    Merlin Law Group, P.A.
    777 South Harbour Island Boulevard, Suite 950
    Tampa, FL  33602
    kkubiak@merlinlawgroup.com

        _____
        WILLIAM R. LEWIS, ESQ.